UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| JAYVEON MACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| RALDEX HOSPITALITY SERVICES, ) | |
| LLC, ) | |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

1. This action is brought to remedy discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, 12112(b), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), Pub. L. No. 110-325, §8; 122 Stat. 3553 (Sept. 25, 2008).

2. Compensatory and punitive damages are both sought pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 1981a(b)(3), to include back pay, front pay, injunctive and equitable relief, including reinstatement.

3. Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law such as 28 U.S.C. §2412(b).

4. Defendant had a record of Plaintiff's disability and failed to properly accommodate Plaintiff leaving him vulnerable to discriminatory work practices by Defendant employee.

5. Plaintiff, a male living with Autism Spectrum Disorder and Moderate Intellectual Disability, is a citizen of the United States and a resident of Darlington, South Carolina.

6. Defendant, Raldex Hospitality Services, LLC, is a corporation incorporated in South Carolina, which owns and operates hotels including the Holiday Inn Express located at 3440 West Radio Drive in Florence, South Carolina.

7. This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 1343(a)(3),(4).

8. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

9. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, U.S.C. §§ 2000e(g) and (h).

10. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 USC §12111(2).

11. Plaintiff was issued a notice of right to sue from the US Equal Employment Opportunity Commission (EEOC) dated June 11, 2025, regarding his charge of disability discrimination, EEOC Charge 436 - 2025 - 01997. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under the Civil Rights Act of 1964 and the South Carolina Human Affairs Laws.

12. Plaintiff began his employment with the Defendant Raldex Hospitality Services, LLC, April 1, 2024, working as a Houseman at Holiday Inn Express located at 3440 West Radio Drive, Florence, SC, and working under the supervision of housekeeping supervisor Mary Whiteley.

13. At the time of hire, Plaintiff gained his employment through a special needs program provided by the state program, Vocational Rehabilitation and Project Search. As such, Defendant was aware at the time of hire of Plaintiff's intellectual disabilities.

14. While employed, Defendant also had a record of Plaintiff's disability and need for accommodation, which was granted, as evidenced by Plaintiff's supervisor communicating any coaching or performance issues to Plaintiff's mother so that the mother could work with Plaintiff and properly communicate and train Plaintiff on work behaviors.

15. Plaintiff's role within housekeeping was to strip the rooms of all items that did not belong so the rooms could be cleaned by other housekeeping staff.

16. Plaintiff was performing satisfactorily as he progressed from part time to full time and received pay increases.

17. Defendant never communicated to Plaintiff or his mother, the proper procedure for collecting tips in the hotel rooms that were left for housekeeping. If housekeeping received any tips, no tips were shared with Plaintiff although he was a part of the housekeeping staff.

18. Plaintiff's supervisor allegedly wished to test Plaintiff on procedures he was never trained on and left money in the room to be stripped.

19. Plaintiff removed the money and everything else from the room as he was trained to do.

20. Defendant then terminated Plaintiff on April 30, 2025, for removing money that was for housekeeping, when Plaintiff was a member of housekeeping, did as he was trained, and was working with an intellectual disability known to Defendants and accommodated by Defendants.

21. Defendant knew or should have known of Plaintiff's medical condition based on the manner in which Plaintiff was hired through special needs programs and the manner in which the supervisor would communicate social or performance coaching to Plaintiff through his mother.

22. Defendant denied Plaintiff a reasonable accommodation between the time period of his discipline and communicating policy or procedures to Plaintiff's mother to train Plaintiff or to Plaintiff in a manner in which he understood.

23. Plaintiff is unaware of any employees similarly situated who were not disabled or perceived to be disabled and were terminated for a policy violation without training, coaching or progressive discipline.

24. On the various dates and occasions, Plaintiff was supervised and disciplined in an unfair, unequal, and/or harassing way, as explained above, which segregated him and adversely affected his status as an employee, because of his disability or the employer's perceived disability and a failure to accommodate. Similarly situated employees outside of Plaintiff's protected class did not receive this treatment.

25. Defendant was on notice, or should have been on notice, of the actions of its subordinates or employees, and all failed to correct such discriminatory actions of

its employees. Defendant's acts of discrimination retaliation within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

26. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff, as he was not accommodated under ADA and singled out because of his disability.

27. As a result of the abrupt discriminatory termination of Plaintiff, Plaintiff has suffered economic loss, impaired reputation, attorney fees, financial and emotional distress, as well as attorney fees and costs of litigation.

## COUNT I
## (VIOLATION OF ADA)

28. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

29. Plaintiff is a member of a protected class as a person living with an intellectual disability and/or a person regarded as disabled by his employer.

30. Plaintiff was performing satisfactorily, and Defendant granted Plaintiff the accommodation of extra communication and training with Plaintiff's mother to understand performance and social ques within his workplace.

31. Plaintiff was then tested on unfamiliar situations by a supervisor who was aware of his intellectual disability.

32. Defendant then failed to accommodate Plaintiff with the extra communication and training and terminated Plaintiff despite having a record of Plaintiff's intellectual disability.

33. Title I of the Americans with Disabilities Act of 1990 (the "ADA")(1) requires an employer(2) to provide reasonable accommodation to qualified individuals with disabilities who are employees or applicants for employment. 42 U.S.C. §§ 12101-12117, 12201-12213.

34. Defendant's actions and practices described above constitute unlawful discrimination against employee's with disabilities based on unequal treatment and failure to accommodate.

35. Defendant had a record of Plaintiff's disability and/or perceived Plaintiff as disabled and treated Plaintiff differently and denied Plaintiff a reasonable accommodation with respect to communication of protocols and procedures based on Plaintiff's intellectual disability.

36. Defendant then terminated Plaintiff based on disability related conduct and miscommunication while aware of Plaintiff's disability and need for accommodation. Defendant discriminated against Plaintiff on the basis of disability.

37. Plaintiff suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of applicable state and federal laws;

B. Enjoining and permanently restraining these violations of applicable state and federal laws;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, earned leave and other lost benefits

E. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. § 12205 and 42 U.S.C. § 12117.

F. Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) and all applicable state and federal laws in the amount to be determined by a jury;

G. Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By:  s/ Pheobe A. Clark
**Pheobe A. Clark**, Federal ID No. 9888
Post Office Box 13057
Florence, SC   29504-3057
Phone: (843) 669-5634
Fax:   (843) 669-5150

August 25, 2025